### BERLIN IRON-BRIDGE CO. v. WAGNER, Highway Commissioner.

*(Supreme Court, General Term, Third Department.* May 26, 1890.)

PRACTICE IN CIVIL CASES—DISMISSAL.

    The general term cannot, on the motion of the attorney general, dismiss a submission of a controversy intended to establish the right of the sole highway commissioner of a town to make a contract for the building of a bridge, on the ground that certain commissioners appointed by the supervisors, and claiming the right to make such contract, were not parties to the submission, and that such commissioners might be bound by the decision.

Case submitted on agreed statement.

Action by the Berlin Iron-Bridge Company against Joseph E. Wagner, highway commissioner. The attorney general moves to dismiss the submission.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*A. D. Wales,* for plaintiff.  *George R. Malby,* for defendant.

LEARNED, P. J.  This is a submission without action.  The attorney general, who is not a party to the submission, moves the court to dismiss the case on the ground that it is a collusive submission, and that it is intended to establish the right of defendant to make a contract for the building of the bridge.  The attorney general alleges that certain commissioners appointed by the supervisors claim the right to make such contract, and claim that the defendant above named is not authorized to contract.  The attorney general urges that these commissioners are not parties to this submission, that there is really no controversy between those who are parties thereto, and that a decision between them may be a precedent which will control the question of right whenever it may be raised by the commissioners aforesaid.  It has also appeared in the course of the argument that those commissioners have made a contract with another company for the building of the bridge.  The parties to this submission, on the contrary, assert that it was made in good faith, and with a desire to ascertain their own rights, and that they have offered in several ways to permit the said commissioners to take part herein.

We do not think that we can, on the motion of the attorney general, refuse to hear this case.  He has no standing in court, and, so far as we see, would have none even if the said commissioners had a right to interfere.  They have taken no steps to bring themselves into this controversy, directly or indirectly.  The plaintiff above named could have sued the defendant on the contract, and to such an action those commissioners need not have been parties.  This submission is but a substitute for an action, in order that the decision be more expeditious.  As to the effect of a decision on the alleged rights of the said commissioners, we have nothing to say.  They are not parties or privies, and generally none but parties and privies are bound by a decision.  We decline to dismiss the submission, or to refuse to hear the argument.  All concur.